UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JOVICA PETROVIC, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 16-282-JMH |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION and** |
| FRANCISCO QUINTANA, Warden, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

\* \* \* \* \* \* \*

Jovica Petrovic, an individual currently serving a sentence at the Federal Medical Center in Lexington, Kentucky, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 1]. In his petition, Petrovic alleges that the Warden is unconstitutionally honoring a detainer lodged against him by the Department of Homeland Security in violation of *Shuti v. Lynch*, 828 F.3d 440 (6th Cir. 2016). The Warden has filed a response to the petition [DE 12] and Petrovic has in turn filed a reply [DE 14]. For the reasons which follow, the petition for a writ of habeas corpus is **DENIED.**

The parties disagree as to which detainer is in effect. They further disagree as to whether the Court has jurisdiction under § 2241 to determine the propriety of whichever detainer is lodged against Petrovic. For obvious reasons, the latter issue must be addressed first.

1

Jurisdiction in a habeas corpus action under § 2241 exists when a petitioner asserts that his current custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In the instant case, Petrovic is asserting that his future detention is illegal [DE 1]. It is well-settled, though, that "[i]n order for the District Court to have jurisdiction over petitioners' habeas claims, petitioners must be in custody of the INS." *See Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990)(citing 28 U.S.C. § 2241(c)). Here, Petrovic is clearly in the custody of the Bureau of Prisons. "[A] prisoner must wait until he comes into the custody of the INS or ICE authorities to challenge [his] detention, as an immigration detainer itself does not confer custody to the INS." *Martinez-Estrada v. Warden, FCI-Manchester*, 6:06-CV-201-DCR, 2006 WL 2947880, *1 (E.D. Ky. Oct. 16, 2006). Thus, the Court lacks jurisdiction to address Petrovic's petition.

Nevertheless, Petrovic is correct that *Shuti* stands for the proposition that the Immigration and Nationality Act's residual definition of "crime of violence" is void for vagueness. *Shuti*, 828 F.3d at 451. However, that does him no good as his removability is not based upon any convictions falling under this particular definition.

Petrovic's detainer indicates that he is the subject of an immigration enforcement priority, and thus requests that he be

2

held for a period not to exceed 48 hours beyond the time he would have otherwise been released from custody to allow DHS to assume custody, because he "has been convicted of an offense classified as a felony, other than a state or local offense for which an essential element was the alien's immigration status." [DE 12, Exhibit B.]   In the instant case, Petrovic was convicted of, *inter alia*, interstate stalking. [DE 12, Exhibit D.] Under 8 U.S.C. § 1227, "[a]ny alien who at the time after admission is convicted of...a crime of stalking...is deportable." 8 U.S.C. § 1227a(2)(E)(i).  Thus, assuming the Court has jurisdiction, Petrovic's removability is based upon his convictions for stalking, not for a "crime of violence" *per se*. Thus, *Shuti v. Lynch* is inapplicable to the instant matter.

Accordingly,

**IT IS ORDERED** that Petrovic's petition for a writ of habeas corpus [DE 1] be, and the same hereby is, **DENIED**.

A separate judgment shall this date be entered.

This the 22nd day of February, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge